IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

CAROLINA CASUALTY INS. CO.
and MARTHA E. VALENCIA d/b/a
GONI TRUCKING,                                    :

    Plaintiffs,                               :

v.                                                :         CA 11-0299-C

TONY'S TOWING, INC.,                              :

    Defendant.                                :

### MEMORANDUM OPINION AND ORDER[1]

Pending before the Court are the defendant's motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) and brief in support thereof (Doc. 6), filed July 8, 2011; the plaintiffs' opposition (Doc. 14), filed August 8, 2011 (*see* Docs. 9 & 12); and the defendant's reply in support (Doc. 17), filed August 23, 2011.[2]  For the reasons set forth below, the Court finds that it lacks subject matter jurisdiction over this lawsuit, and the motion (Doc. 6) is, accordingly, **GRANTED**.

---

    [1]    The parties in this matter have expressly consented to the undersigned United States Magistrate Judge conducting all proceedings in this case, including trial, the entry of final judgment, and all post-trial proceedings.  (*See* Docs. 10 & 11; *see also* Doc. 13 (order of reference).).

    [2]    Because of an "inadvertent oversight," the defendant filed its motion one day after the deadline set by the Court's July 19, 2011 (Doc. 12).  It also filed, simultaneously, a motion for leave to file the reply out of time (Doc. 15), which is due to be **GRANTED**.  *Cf. United States v. McCall*, No. 2:10–CR–19–WKW, 2011 WL 1869188, at *1 n.1 (M.D. Ala. May 16, 2011) ("McCall's reply was accompanied with a motion for leave to file out of time . . . because computer difficulty caused the reply to be filed one day late.  The motion for leave to file out of time is due to be granted.").

Background[3]

The events giving rise to the plaintiffs' complaint (Doc. 1), filed June 7, 2011, started on May 7, 2011, when a tractor-trailer—operated by plaintiff Martha E. Valencia d/b/a Gonia Trucking and insured by plaintiff Carolina Casualty—was involved in a single-vehicle accident on or near Interstate 10. Defendant Tony's Towing was dispatched to the scene by the Alabama Department of Public Safety, and upon arrival, was instructed by the State Trooper(s) to remove the cargo being transported and then transport the cargo and the tractor-trailer to Tony's terminal in Fairhope. Tony's then submitted an invoice to Carolina Casualty for $28,905.00, which Carolina Casualty disputes in part, conceding that it, on behalf of its insured, is responsible for payment of $13,480.00. Carolina Casualty further states that neither it nor its insured ever consented or agreed "to pay for the overpriced and excessive rates and hours and methodology contained in the invoice, which constitutes the remaining $15,425.00 of the $28,905.00 invoice." (Doc. 1, ¶ 16.) And although Carolina Casualty has offered to pay Tony's $13,480.00 of the disputed invoice, Tony's has not accepted the compromise, but it has released the cargo only, not the tractor-trailer.

The complaint—in which plaintiffs set forth seven causes of action: declaratory judgment; declaratory judgment with interpleader; conversion of tractor; conversion of

---

[3] Because the defendant's motion is based, in part, on Rule 12(b)(6), and such a motion questions the legal sufficiency of a complaint (or portions of a complaint), the Court must assume that all the factual allegations set forth in the complaint are true. *See, e.g., United States v. Gaubert*, 499 U.S. 315, 327 (1991); *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990). All factual allegations, moreover, are to be construed in the light most favorable to the plaintiff. *See, e.g., Brower v. County of Inyo*, 489 U.S. 593, 598 (1989).

trailer; tortious interference with business or contractual relationship; fraud through misrepresentation and/or suppression; unjust enrichment; and negligent hiring, training, supervision and retention (Doc. 1, ¶¶ 22-57)—states that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) (*id.*, ¶ 6). The motion to dismiss both attacks that assertion "on the basis that the amount-in-controversy clearly does not exceed $75,000" (Doc. 6 at 1; 4-7), and contends that the plaintiffs have failed to state a claim upon which relief may be granted because their "state-law tort claims are preempted by federal law," namely section 14501(c) of the Interstate Commerce Commission Termination Act of 1995 (the "ICCTA") (*id.* at 1; 7-11). Shortly after the defendant filed its motion to dismiss, on July 8, 2011, the plaintiffs filed their "First Amendment to Complaint" (Doc. 8),[4] on July 13, 2011, which adds the following paragraph (no. 8) under "Parties and Jurisdiction":

---

[4] Because the plaintiffs' complaint is a pleading "to which a responsive pleading is required," and as such, they had the right to amend it—"as a matter of course"—"21 days after service of a motion under Rule 12(b)," their amendment is proper under Rule 15(a)(1)(B). Whether this amendment moots the pending motion to dismiss is a different question; one that the parties have not addressed. While it is common for district courts in this circuit to deny a motion to dismiss an original complaint as moot if an amended complaint is timely filed pursuant to Rule 15(a)(1)(B), *see, e.g., Sweetwater Investors, LLC v. Sweetwater Apartments Loan*, LLC, No. 1:10–CV–223–WKW [WO], 2011 WL 1545076, at *1 (M.D. Ala. Apr. 25, 2011); *Spears v. Meeks*, No. 2:10–CV–671–WKW, 2011 WL 1563062, at *2 n.1 (M.D. Ala. Apr. 26, 2011); *Brown v. Donahoe*, Civil Action No. 10–0629–CG–N, 2011 WL 2746243, at *2 (S.D. Ala. June 29, 2011); *cf. Kalpak v. EMC Mortg. Corp.*, No. 3:11–cv–49 (CAR), 2011 WL 2711182, at *4 (M.D. Ga. July 13, 2011), an amendment to a complaint does not automatically render moot the grounds raised in the motion to dismiss the original complaint, *see, e.g., Bimler v. Stop & Shop Supermarket Co.*, 965 F. Supp. 292, 296 (D. Conn. 1997) (citing *Bernstein v. N.V. Nederlandsche–Amerikaansche Stoomvaart–Maatschappij*, 76 F. Supp. 335 (S.D.N.Y. 1948)); *New Hampshire Ins. Co. v. Home Sav. & Loan Co. of Youngstown*, No. 4:05-cv-02179, 2008 WL 2446066, at *2 n.1 (N.D. Ohio June 16, 2008), *vacated and reversed on other grounds*, 581

> This Court has subject matter jurisdiction on the basis of "Federal Question" jurisdiction, specifically application of the United States Transportation Code[5] and Interstate Commerce Commission Termination Act ("ICCTA").

(Doc. 8, ¶ 8 (footnote added).)

The plaintiffs' opposition to the motion to dismiss, interestingly, both states that this Court "has 'Federal Question' jurisdiction as concerns whether or not Federal law allows Plaintiffs to protect themselves from the behaviors of the Defendant as alleged in this case under Plaintiffs['] ancillary state law claims" (Doc. 14 at 4), but provides that "[b]ecause the 'ICCTA' preemption section does not apply to non consent tows like this case, Plaintiffs' ancillary state laws [sic] claims should be allowed to proceed" (*id.*). The defendant's reply, on the other hand, concludes that "[b]ecause Plaintiffs have pled state-law tort claims preempted by § 14501(c), relief cannot be granted upon those claims" (Doc. 17 at 5).

---

F.3d 420 (6th Cir. 2009).  This is especially true where—like here—the amended complaint is "substantially identical to the original complaint." *Smith v. GE Aviation*, No. 3:10–cv–13, 2011 WL 2790166, at *1 (S.D. Ohio July 15, 2011) (quoting *Mata–Cuellar v. Tenn. Dep't of Safety*, No. 3:10–0619, 2010 WL 3122635, at *2 (W.D. Tenn. Aug. 6, 2010). In *Smith*, the only differences between the operative complaint and its previous incarnation were additional facts alleged in support of one claim and the addition of another claim.  *See id.*  Here, the amendment simply adds an additional basis for federal jurisdiction, which the parties have addressed in their briefing.  Therefore, the Court does not think it necessary to moot the motion to dismiss.

    [5]    The Court is unclear what the plaintiffs mean by the "United States Transportation Code," but takes judicial notice that Title 49 of the United States Code, under which the ICCTA is codified, is titled "Transportation."  *Cf. Bigelow v. Healthcare of Miss., Inc.*, 220 F.3d 339, 344 & n.11 (5th Cir. 2000) (taking judicial notice of, and considering claim pursuant to, correct statute where plaintiff pled a right to relief under the wrong one).

Discussion

The Court must first determine whether it has subject matter jurisdiction over this lawsuit.  The plaintiffs have alleged that the Court has "subject matter jurisdiction on the basis of 'Federal Question' jurisdiction," through the "*application of* [federal law.]" (Doc. 8, ¶ 8 (emphasis added).)  But they have neither shown that the claims they set forth "aris[e] under the Constitution, laws, or treatise of the United States," 28 U.S.C. § 1331, nor have they alleged—nor, as the Court will explain, can they allege—that either the "United States Transportation Code" or the ICCTA are part of a select group of federal laws that "so forcibly and completely displace[] state law that [a] plaintiff's cause of action is either wholly federal or nothing at all," which thus converts "what otherwise appear[ to be] merely [ ] state law claim[s into] claim[s] 'arising under' federal law for jurisdictional purposes." *Elam v. Kansas City Southern Ry. Co.*, 635 F.3d 796, 803-04 (5th Cir. 2011) (quoting *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 330 (5th Cir. 2008)).  Moreover, the plaintiffs' assertion of federal question jurisdiction does not comport with their argument that the preemption section of the ICCTA—49 U.S.C. § 14501(c)—"does not apply to [the facts of] this case," and thus, their state law claim "should be allowed to proceed."  (Doc. 14 at 4.)  Simply put, claiming that, on the one hand, the claims you assert "arise under," or are completely preempted by, federal law—as they must for this court to have federal question jurisdiction over them—and then, on the other hand, arguing that those same claims are not defensively preempted by federal law is, at best, illogical.

Also, for the reasons set forth below, the plaintiffs have failed to allege that this matter exceeds the minimum jurisdictional amount required by 28 U.S.C. § 1332.

### 1. Federal Question Jurisdiction.

The jurisdictional facts of this case are unique.  First, the plaintiffs chose to file their complaint in federal court, originally only invoking jurisdiction pursuant to 28 U.S.C. § 1332 (*see* Doc. 1, ¶ 6), and have asserted only state law claims.[6] In "response" to

---

[6] The plaintiffs' claims for declaratory judgment and interpleader (*see* counts 1 and 2) do not invoke the corresponding federal statutes and rule—28 U.S.C. § 2201 and 28 U.S.C. § 1335 and/or Rule 22, respectively—and even if the plaintiffs had cited to these, doing so would not give this Court jurisdiction under 28 U.S.C. § 1331. First, the Declaratory Judgment Act, when enacted, did not expand the jurisdiction of the federal courts, and thus, does not provide an independent basis for federal jurisdiction. *See Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950). Because "[t]he Act is procedural[, a plaintiff's] allegations must otherwise show an independent basis for the Court's jurisdiction." *Bethel v. Mack*, Civil Action No. 10-0099-KD-M, 2010 WL 2232155, at *3 (S.D. Ala. May 14, 2010) (citing *Household Bank v. JFS Group*, 320 F.3d 1249, 1253 (11th Cir. 2003)), *report and recommendation adopted by* 2010 WL 2232153 (S.D. Ala. June 3, 2010). Second, as to interpleader, if the plaintiffs are proceeding under Rule 22, "[a] rule interpleader is quite similar to a declaratory judgment action. Both . . . are purely procedural. Neither provision enlarges the subject-matter jurisdiction of the federal courts." *Metropolitan Life Ins. Co. v. Price*, 501 F.3d 271, 277 (3d Cir. 2007) (citations omitted). Statutory interpleader, however, does "provide[] the federal court with an independent basis for asserting subject-matter jurisdiction[.]" *Aaron v. Mahl*, 550 F.3d 659, 663 (7th Cir. 2008) (citation omitted). But that jurisdiction is "condition[ed] in part upon whether 'the plaintiff has deposited such money or property' at issue with the district court or has "given bond payable to the clerk of the court in such amount and with such surety as the court or judge may deem proper.'" *Republic of Philippines v. Pimentel*, 553 U.S. 851, 871 (2008) (quoting 28 U.S.C. § 1335(a)). Contrary to the averment in their complaint—"Carolina Casualty hereby interpleads $13,480.00" (Doc. 1, ¶ 27)—this Court's records do not show that the plaintiffs have done either. *Cf. Aaron*, 550 F.3d at 663 ("The district court permitted Merrill Lynch to proceed only under Rule 22 interpleader initially, because it, unlike statutory interpleader, does not require the stake to be deposited in the federal court's registry. . . . Jurisdiction was proper, though, because the district court had diversity jurisdiction over Aaron's claim and supplemental jurisdiction over Merrill Lynch's interpleader claims.").

the defendant's motion to dismiss, which in part attacked the plaintiffs' ability to meet the minimum amount in controversy to invoke jurisdiction under section 1332, they amended their complaint to allege "'Federal Question' jurisdiction."  Since the plaintiffs have not alleged a violation of federal law, to achieve the federal question jurisdiction they seek, they must rely on the so-called doctrine of complete preemption, or super preemption,[7] the name

---

[7]  In *Elam*, the Fifth Circuit recently provided, in the context of removal, a succinct primer on the doctrine:

> An exception to the well-pleaded complaint rule arises when Congress "so completely preempt[s] a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Gutierrez* [*v. Flores*], 543 F.3d [248,] 252 [(5th Cir, 2008)] (quoting *Johnson v. Baylor Univ.*, 214 F.3d 630, 632 (5th Cir. 2000)). . . .  "The question in complete preemption analysis is whether Congress intended the federal cause of action to be the exclusive cause of action for the particular claims asserted under state law."  [*Id.*] at 331; *see also Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003).
>
> Complete preemption must be distinguished from "defensive preemption" (i.e., "conflict preemption" or "ordinary preemption"). *Barrois*, 533 F.3d at 331.  Defensive preemption does not create federal jurisdiction and simply "declares the primacy of federal law, regardless of the forum or the claim."  *Id.*  "As a general matter, complete preemption is less common and more extraordinary than defensive or ordinary preemption."  *Id.*  Indeed, complete preemption is a "narrow" exception to the well-pleaded complaint rule.  *Beneficial*, 539 U.S. at 5.
>
> In determining the nature and reach of federal preemption, Congress's intent is the "ultimate touchstone."  *Medtronic, Inc. v. Lohr*, 518 U.S. 470, 485 (1996).  Congress can indicate its preemptive intent either expressly through a statute's plain language, or impliedly through a statute's "structure and purpose."  *Altria Group, Inc. v. Good*, 555 U.S. 70, 129 S.Ct. 538, 543 (2008).  Regardless of how Congress indicates its intent, we begin "with the assumption that the historic police powers of the States are not to be superseded by the Federal Act unless that was the clear and manifest purpose of Congress."  *Id.* (internal quotation marks and citation omitted).  This assumption applies with "particular force" when Congress legislates in a field traditionally occupied by state law.  *Altria*, 129 S. Ct. at 543.  On

of which "is a misnomer because it is not a preemption doctrine but, rather, a federal jurisdiction doctrine." *City of Rockford v. Raymond*, No. 98 C 50353, 1999 WL 218549, at *1 n.1 (N.D. Ill. Apr. 14, 1999) (citing *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1486-87 (7th Cir. 1996)); *see also Fayard v. Northeast Vehicle Servs., LLC*, 533 F.3d 42, 44 (1st Cir. 2008) ("Complete preemption is a short-hand for the doctrine that in certain matters Congress so strongly intended an exclusive federal cause of action that what a plaintiff calls a state law claim is to be recharacterized as a federal claim. A federal claim, of course, falls within the district court's federal question jurisdiction, 28 U.S.C. § 1331.") (citations omitted).

While both sides have focused on "whether 49 U.S.C. § 14501(c) preempts [the asserted] state law claims, neither addresses the issue in the context of [this Court's jurisdiction over those claims, through complete preemption]." *Id.* at *2. The Northern District of Illinois, in *City of Rockford*, and the First Circuit, in *Fayard*, however, both dealt specifically with whether the state law claims at issue in those cases were completely preempted under the ICCTA, such that the federal court had jurisdiction over those claims pursuant to

---

the other hand, the assumption applies with less force when Congress legislates in a field with "a history of significant federal presence." *United States v. Locke*, 529 U.S. 89, 108 (2000).

635 F.3d at 803-04 (some citations omitted and other alterations to original).

In *Elam*, in which the preemptory effect of a portion of the ICCTA was at issue, the plaintiffs' complaint asserted "only state law claims of negligence and negligence per se," and the Fifth Circuit observed that "[o]rdinarily, [such] claims would not support original federal question jurisdiction," and therefore, "[t]he issue [became] whether any of these claims [was] completely preempted by federal law." *Id.* at 804. The Fifth Circuit ultimately affirmed the district court's exercise of jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1337. *See id.* at 808-09; 811.

section 1331.  And both courts drew an analogy to preemption pursuant to ERISA's section 502(a).[8]  In *Fayard*, the court of appeals first noted that

> while some state law claims may be completely preempted under the ICCTA, the question before us is whether the ICCTA automatically immunizes railroads from state nuisance claims.  It does not, nor does it clearly provide a federal cause of action amounting to nuisance.  Certainly nothing in the ICCTA provides for nuisance the clear-cut federal cause of action available to ERISA benefit claimants or those who seek to enforce labor contracts.

533 F.3d at 48.  In *City of Rockford*, the court held that

> section 14501(c) . . . does not evidence a Congressional intent to transfer jurisdiction over all preemption claims arising thereunder from state to federal courts.  The language of [that section] more closely mirrors ERISA's section 514(a) and contains no detailed, comprehensive civil enforcement scheme providing exclusive federal remedies such as that found in ERISA's section 502(a).

1999 WL 218549, at *2

Moreover, unlike ERISA's implementation, pursuant to section 514(a), of a comprehensive civil enforcement scheme, the ICCTA "was passed in 1995 to advance ***deregulation*** of the rail and motor carrier industries."  *Central Transport Int'l v. Sterling*

---

[8] As the Eleventh Circuit has explained, "[c]omplete preemption under ERISA derives from ERISA's civil enforcement provision, § 502(a), which has such 'extraordinary' preemptive power that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Connecticut State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1344 (11th Cir. 2009) (quoting *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65-66 (1987)).

> Conversely, ERISA's section 514(a), which states that its provisions supersede any and all state laws as they "relate to" certain employee benefit plans, provides only for conflict preemption.  As such, state law claims falling within the scope of section 514(a) but not section 502(a) do not present a federal question under 28 U.S.C. § 1331[.]

*City of Rockford*, 1999 WL 218549, at *2 (citations omitted).

*Seating, Inc.*, 356 F. Supp. 2d 786, 788 (E.D. Mich. 2005) (citing *Fitzpatrick v. Morgan Southern, Inc.*, 261 F. Supp. 2d 978, 982 (W.D. Tenn. 2003)) (emphasis in original). *Central Transport* – an action on account, breach of contract, and quantum meruit arising from the defendants alleged failure to pay the full amount claimed for freight transportation services—is instructive. *See id.* at 787. There, the court, *sua sponte*, ordered the defendant to show cause why the case, removed to federal court on the basis of federal question jurisdiction pursuant to sections 1331 and 1337(a),[9] should not be remanded to state court for lack of subject matter jurisdiction. *See id.* And the court concluded that while section 14501(c)(1) of the ICCTA

> forbids state and local "law, regulation, or other provision having the force and effect of law related to a price, route, or service of any motor carrier[,]" [n]o part of the section prevents a state law claim on contract by a motor carrier for unpaid shipping charges. Furthermore, the Court [was] unable to find any support for the idea that Congress intended to create a federal cause of action for such claims in § 14501(c)(1).

*Id.* at 788 (citations omitted).

Regardless whether section 14501(c) of the ICCTA provides a defense to the plaintiffs' state law causes of action (as the defendant contends it does), based on the foregoing cases, it is abundantly clear that section 14501(c) does not create federal question jurisdiction. *See Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 808 (1986); *cf. Ervast v. Flexible Prods. Co.*, 346 F.3d 1007, 1012 n.6 (11th Cir. 2003) ("Super

---

[9] That section provides that "[t]he district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies."

preemption is distinguished from defensive preemption, which provides only an affirmative defense to state law claims and is not a basis for removal."); *accord Connecticut State Dental Ass'n*, 591 F.3d at 1344.  This is particularly true where—as here—a party seems to "want to have it both ways," by invoking the ICCTA as a federal jurisdictional "hook," but then quickly trying to dissuade the Court from applying it to preempt—in any way—the state law claims they assert.

### 2. Diversity Jurisdiction.

Turning to the plaintiffs' alternative basis for jurisdiction, 28 U.S.C. § 1332, the sole issue appears to be whether the plaintiffs, as "the [parties] seeking to invoke federal jurisdiction," have proven "by a preponderance of the evidence that the claim[s] on which [they are] basing jurisdiction meets the jurisdictional minimum." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003).  To determine whether the invoking party has met this burden,

> [s]pecific evidence of the amount in controversy is considered along with any "reasonable deductions, reasonable inferences, or other reasonable extrapolations[." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010).]  To clear the jurisdictional hurdle, these deductions and inferences must plainly demonstrate that the damages sought are "sufficiently measureable and certain to satisfy the . . . amount in controversy requirement." *Morrison* [*v. Allstate Indem. Co.*], 228 F.3d [1255,] 1268–69 [(11th Cir. 2000)] (citing *Ericsson GE Mobile Communications, Inc. v. Motorola Communications & Elecs., Inc.*, 120 F.3d 216, 221 (11th Cir. 1997)).

*Brown v. Spells*, Civil Action No. 7:11–cv–91 (HL), 2011 WL 3714775, at *2 (M.D. Ga. Aug. 24, 2011).  The amount in controversy as to the declaratory relief the plaintiffs seek, moreover, "is the monetary value of the object of the litigation from [their]

perspective." *Weiner v. Tootsie Roll Indus., Inc.*, 412 Fed. App'x 224, 227 (11th Cir. 2011) (per curiam) (citations and internal quotation marks omitted).

The only specific evidence the plaintiffs present is the amount they contend they do not owe the defendant: $15,425.00. (*See* Doc. 1, ¶¶ 15, 28-29.) While they have asserted claims for conversion of the tractor-trailer—which the plaintiffs contend the defendant has "held hostage due to the disputed portion of the subject invoice" (*id.*, ¶ 17)—they have not alleged a value for this property.[10] They have also failed to allege— much less present any evidence in support of—the value of their other claims, two of which, tortious interference and unjust enrichment, appear to be based on the refusal to release the equipment. Applying the standard articulated above, the Court cannot consider both the evidence presented and the claims made, and deduce, infer, or extrapolate from that that the requisite amount in controversy has been met. Therefore, the plaintiffs have failed to carry their burden to show that this Court has jurisdiction over this lawsuit pursuant to section 1332.

    **3.    No Jurisdiction to Decide the Defensive Preemption Issue.**

Because the Court does not have subject matter jurisdiction, it may not consider the alternative basis—Rule 12(b)(6), on the basis of defensive preemption—for the motion to dismiss. Simply put, "defensive preemption is a substantive issue that must be decided by a court with *competent* jurisdiction." *Ervast*, 346 F.3d at 1013 n.7

---

[10]    It is "reasonable"—for purposes of determining the value of this lawsuit— for the Court to assume, moreover, that if the disputed portion of the invoice, $15,425.00, were paid to the defendant, it would release this equipment.

(discussing the Fifth Circuit's *en banc* decision in *Arana v. Ochsner Health Plan*, 338 F.3d 433 (5th Cir. 2003), in which they "refused to reach the issue of defensive preemption because it is a substantive, and not jurisdictional, issue, and if a state law claim is not completely preempted because it seeks relief available under [29 U.S.C.] § 1132(a) [section 502(a) of ERISA], then it is inappropriate to decide the substantive issue of defensive preemption without proper jurisdiction") (citing *id.* at 439-40) (emphasis added).

## Conclusion

For the reasons set forth above, the motion (Doc. 6) is due to be and is hereby **GRANTED**. Finding that the Court is without subject matter jurisdiction, the plaintiffs' claims are due to be **DISMISSED WITHOUT PREJUDICE**. A separate judgment will issue, and the Court further directs the Clerk of Court to close this matter.

**DONE and ORDERED** this the 22nd day of September, 2011.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**